WALLACE, JUDGE:
The pleadings in this case establish that on or about May 20, 1977, hydacid uranine (fluorescein) dye was placed in the well of the Gary Hipp residence in Mineral County, West Virginia, in an attempt to trace underground water to a surface mine site. The dye damaged the well. Respondent drilled a new well, but the dye migrated to and contaminated the new well.
In the fall of 1977, the claimants purchased the Gary Hipp property with the assurance that the dye was temporary and not detrimental. However, the State Health Department has advised the claimants not to drink water from the well.
On February 25, 1980, the claimants filed this claim in the amount of $1,956.00 for the cost of the installation of a third well. On June 11, 1980, respondent filed its Answer admitting that the claimants’ well had been damaged by respondent’s action. Respondent waived a hearing. On June 23, 1980, respondent filed its Amended Answer containing the same admissions as the first, with the added defense that this claim was barred by the Statute of Limitations.
The claimants then filed their Motion to Strike and/or Dismiss Respondent’s Answer and Amended Answer as being untimely filed, citing rules of this Court and Rules of Civil Procedure.
This matter came on for hearing on June 26, 1980. There was no appearance on behalf of the claimants. Counsel for respondent represented to the Court that, although respondent was sympathetic toward the claimants, respondent was relying on the fact that the claim was barred by the Statute of Limitations. Counsel further represented that he had talked with claimants’ *288 counsel who stated that he wanted to contest the matter on the basis of the matter set forth in claimants’ Motion to Strike. Since there was no appearance on behalf of the claimants, counsel for the respondent requested that the claim be continued for thirty days to allow counsel for claimants to determine what action he wished to pursue. The Court granted this request, and the matter was continued. Over thirty days have elapsed and no further action has been taken by the parties. The Court understands the plight of the claimants, but it is bound by its statutory authority. West Virginia Code §14-2-21 provides that “the court shall not take jurisdiction of any claim... unless notice of such claim be filed with the clerk within such period of limitation as would be applicable under the pertinent provisions of the Code of West Virginia... and such period of limitation may not be waived or extended.” The statute must be applied by the Court, independent of respondent’s Answers. The negligent act, having taken place on May 20, 1977, and the claimants’ failure to file their claim within a two year period from that date, requires this Court to dismiss the claim.
Claim dismissed.